In re James Barry **RICHARDS**, Ellen Louise Humble Richards, Debtors.

James Barry **RICHARDS**, Ellen Louise Humble Richards

v.

**UNITED STATES** of America, Department of the Treasury, and Internal Revenue Service.

Bankruptcy No. 1–80–00220.
Adv. No. 1–84–0153.
Civ. No. 1–84–552.

United States District Court,
E.D. Tennessee,
Chattanooga Division.

May 2, 1985.

Kyle R. Weems, Weill, Weems & Kennedy, Chattanooga, Tenn., for plaintiffs.

Betsy Burke, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM

MORTON, Senior District Judge, Sitting by Designation.

This case is on appeal from an order denying the Government's motion to dismiss an adversary proceeding. The opinion of the Bankruptcy Judge is hereby adopted as the opinion of this court and is made a part hereof as fully as if copied verbatim herein.

An appropriate order will be entered.

## ORDER OF BANKRUPTCY COURT

RALPH H. KELLY, Bankruptcy Judge.

The plaintiffs filed a complaint against the IRS to stop it from trying to collect a tax penalty which the plaintiffs allege was discharged in their chapter 13 case. The question now before the court is whether to grant or deny the IRS's motion to dismiss the complaint.

The IRS decided that the plaintiffs were liable for the penalty in October, 1979. At that time, one of the plaintiffs, Mr. Richards, signed a form that the IRS contends is an admission of his liability.

In February, 1980, the plaintiffs filed their chapter 13 case. They scheduled the IRS as a creditor. The IRS, however, did not file a proof of claim for the penalty until May, 1981. The claim was withdrawn by agreement of the parties because not timely filed.

The debtors thereafter completed payments under their chapter 13 plan and were granted a discharge under Bankruptcy Code § 1328(a). It provides:

> As soon as practicable after completion by the debtor of all payments under the plan ... the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under § 502 of this title, except any debt—
>
> > (1) provided for under section 1322(b)(5) of this title; or
> >
> > (2) of the kind specified in section 523(a)(5) of this title.

Tax claims are not within either class of nondischargeable claims. The tax penalty was discharged if it was provided for by the plan or disallowed under § 502.

■ The court assumes that the penalty would have been a claim entitled to priority under § 507 of the Code. A chapter 13 plan must provide for payment of such claims in full in deferred cash payments, unless the holder of a particular claim agrees otherwise. 11 U.S.C. § 1322(a)(2). The plaintiff's plan tracked the wording of the statute:

> The debtor proposes that:
>
> .    .    .    .    .

> (b) Claims entitled to priority under 11 U.S.C. § 507 be paid in full in deferred cash payments.

.    .    .    .    .

The plan was not required to mention this particular claim. What claims are entitled to priority is determined from the proofs of claims that are filed.

■ A proof of claim must be filed in order for a claim to be allowed. 11 U.S.C. § 502(a). In chapter 13 cases only allowed claims and administrative expenses are paid. Priority under § 507 also depends on allowance of the claim. 11 U.S.C. § 507. Thus, the IRS was required to file a proof of claim in order to be paid.

■ This is the same rule that applies in chapter 7 liquidation cases. The difference in chapter 13 cases is that the discharge after completion of the plan is broader than the chapter 7 discharge. A tax debt that would not have been discharged in a chapter 7 case will be discharged in the chapter 13 case.

■ In either a chapter 13 case or a chapter 7 asset case, the debtor will want to make sure that nondischargeable claims are filed and allowed and payments are made. The nondischargeable debt will be reduced by the amounts paid, leaving that much less to be paid after discharge. In a chapter 13 case, however, the debts that are nondischargeable under § 1328(a) do not include taxes.

■ This brings the court to the question of whether the tax penalty was provided for by the plan even though the IRS received no payments. The plan provided for payment of the debt, but it was not paid because a proof of claim was not timely filed. Certainly § 1328(a) does not mean that every debt which is scheduled but not paid, because the creditor fails to file a proof of claim, is not discharged. See *Matter of Gregory*, 705 F.2d 1118 (9th Cir. 1983); *In re Corbett*, 27 B.R. 442 (Bkrtcy. W.D.Mo.1983).

■ Furthermore, § 1328(a) specifically discharges claims that are disallowed

under § 502. The time limit for filing a proof of claim is not in § 502, but Congress, when it enacted § 501, obviously contemplated that the rules would include a time limit. This should make it clear that a claim that is not allowed because not timely filed is discharged even though no payments are received by the creditor.

Accordingly, it is ordered that the motion to dismiss filed by the defendant, United States of America, is denied.

## ORDER

In accordance with the memorandum contemporaneously filed, the decision of the Bankruptcy Court is hereby affirmed and the appeal is dismissed.