In the Matter of Howard K. MILLER, Jr., Rowena Miller fdba Family Care Service, Debtors.

Bankruptcy No. 687–01858.

United States Bankruptcy Court, N.D. Ohio.

April 11, 1989.

Donald M. Miller, Canton, Ohio, for debtors.

William J. Kopp, Asst. U.S. Atty., Cleveland, Ohio, for the I.R.S.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Presented is an objection to the claim of the United States of America, Internal Revenue Service (IRS) filed by Howard K. Miller, Jr. and Rowena Miller (Debtors), asserting that the claim of the IRS is untimely. The IRS filed a response in which it argued that the claim was indeed timely filed in that the IRS had not been scheduled as a creditor in Debtors' Chapter 13 petition. Debtors subsequent thereto filed a response asserting that the claim of the IRS was previously scheduled and discharged in Debtors' prior Chapter 13 proceeding.

A hearing was held at conclusion of which the court requested the submission of memoranda and the parties have complied.

## FACTS

Debtors, on January 22, 1986, filed for relief under Chapter 13 of Title 11 of the United States Code. (Case No. 686–00081). The IRS was scheduled in Debtors' petition in that case as a creditor entitled to priority. Debtors' Chapter 13 plan provided, inter alia:

.    .    .    .    .

(3) All claims entitled to priority under 11 U.S.C. § 507 shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment. 11 U.S.C. § 1322(a)(2).
1. Taxes
2. ...

No objection to the plan was filed by the IRS and such plan was confirmed by the court on April 18, 1986. The IRS did not file a proof of claim in Case No. 686–00081.

Debtors completed the payments under their plan in April, 1987, with the Chapter 13 trustee filing her report and final account on November 10, 1987. Debtors' discharge was granted in Case No. 686–00081 on February 18, 1988. The IRS, of course, received no distributions.

On December 22, 1987, prior to receiving the discharge in Case No. 686–00081, Debtors initiated this Chapter 13 proceeding. Debtors did not list the IRS as a creditor on their latest petition. Thereafter, the IRS filed its proof of claim on November 17, 1988, in the amount of $16,693.33.

## DISCUSSION

11 U.S.C. § 1328 provides:
(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
(1) provided for under section 1322(b)(5) of this title; or
(2) of the kind specified in section 523(a)(5) of this title.

.    .    .    .    .

The IRS argues that its tax claim is not discharged by the foregoing provision in that Section 523(a)(1)(A) of the Bankruptcy Code excepts from discharge "any debt for a tax ... of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or a not a claim for such tax was filed or allowed."

The argument of the IRS, however, is misplaced. The exceptions to discharge provided in Section 523 apply only to a

discharge received under Section 727, 1141, 1228(a), 1228(b) or 1328(b). *See,* Section 523(a). Debtors' discharge was granted under Section 1328(a). The IRS acknowledges this distinction but argues that

> ... [w]hile § 1328(a) is not referenced in the exception provisions of § 523(a) we think this omission is merely problematic. If certain claims are so important that they cannot be discharged in a Chapter 7 or under the hardship provisions [of] section 1328(b), *a fortiori* they should not be dischargeable in the less compelling circumstances of a discharge under section 1328(a).

The court does not find the omission of Section 1328(a) from the exceptions to discharge to be "merely problematic." The provisions of the Bankruptcy Code, especially the provisions of Chapter 13, reflect the clear Congressional policy of encouraging debtors to file Chapter 13 petitions. *See,* H.R.Rep. No. 595–95th Cong., 1st Sess. 118 (1977), U.S.Code Cong. & Admin. News 1978, 5787. Sections 1328(a) and 523(a) reflect this policy by granting a broader discharge to a debtor upon the completion of a Chapter 13 plan than would be available in a Chapter 7 liquidation case.

Accordingly, the tax claim of the IRS will be discharged if the claim was provided for by the plan or disallowed under Section 502.

■ Bankruptcy Rule 3002(a) and (c) requires an unsecured creditor to file a claim within 90 days after the first date set for the meeting of creditors in a Chapter 13 case for the claim to be allowed. Thus the IRS, an unsecured creditor, was required to file a proof of claim in order to be paid.

It is undisputed that the IRS was properly listed as a creditor and received notice of the bankruptcy. It is also undisputed that the IRS failed to file a proof of claim in case No. 686–00081. Accordingly, the IRS does not possess an allowed claim under Section 502.

■ Secondly, the discharge applies to all debts provided for by the plan. As noted by the court in *In re Richards,* 50 B.R. 339 (E.D.Tenn.1985), the question is whether the tax claim was provided for by the plan even though the IRS received no payment. In analyzing facts quite similar to those in the case at bar, the court in *Richards* found that a Chapter 13 plan provides for the payment of the tax claim, even though such claim is not paid due to the fact that a proof of claim was not timely filed. The court went on to state that "[c]ertainly section 1328(a) does not mean that every debt which is scheduled but not paid, because the creditor failed to file a proof of claim, is not discharged." *Id.* 50 B.R. at 341. (Citations omitted).

This court finds the foregoing reasoning and analysis persuasive and in line with other courts. *See, In re Rothman,* 76 B.R. 38 (Bankr.E.D.N.Y.1987); *In re Hunt,* 59 B.R. 718 (Bankr.Me.1986); *but see, In re Tomlan,* 88 B.R. 302 (Bankr.E.D.Wash. 1988). Accordingly, the tax claim of the IRS was provided for in the Chapter 13 plan and discharged in Case No. 686–00081. Therefore, the IRS has no claim in the instant bankruptcy proceeding.

■ A final argument of the IRS is that even if its tax claim was dischargeable in the prior bankruptcy proceeding, it still has an allowable claim because the discharge in the prior case was not entered until after the petition commencing this case was filed. The IRS asserts, pursuant to Section 502(b), that its claim is determined "as of the date of the filing of the petition." The IRS maintains that as of the petition date for the instant proceeding, it still had an unpaid, nondischarged claim.

The court finds no merit in this argument. The key to obtaining a discharge is the "completion by the debtor of all payments under the plan." Section 1328(a). Debtors completed their plan in April, 1987, approximately eight months before filing the instant bankruptcy proceeding. They should not be penalized for any delay in the entry of a discharge, an act performed solely by the court, the timing of which was clearly beyond the control of the debtors.

An order in accordance herewith shall issue.