### In re William DANIEL and Marie Lackey, Debtors.

### William DANIEL and Marie Lackey, Plaintiffs,

v.

### UNITED STATES of America, Defendant.

**Bankruptcy No. A85–03774–JB. Adv. No. 88–0315A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Oct. 16, 1989.

Paulina C. Hoover, UAW–GM Legal Services Plan, Norcross, Ga., for plaintiffs.

Elizabeth Sullivan, Trial Atty. Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This adversary proceeding between the Chapter 13 debtors and the United States of America on behalf of its agency, the Internal Revenue Service (hereinafter "IRS") is before the Court on cross-motions for summary judgment. The plaintiff debtors seek a judgment that their pre-petition debt to the IRS has been discharged under 11 U.S.C. § 1328(a). The issues involve the adequacy of the notice given to the IRS and a determination of whether the unsecured priority tax claims were "provided for" under the Chapter 13 plan within the meaning of § 1328(a).

The facts are not in dispute. The debtors, William Daniel and Marie Lackey, (hereinafter "debtors") filed this Chapter 13 case on July 22, 1985.[1] Along with the petition, the debtors filed their Chapter 13

statement listing the IRS as a creditor with claims of $1,800.00 against both debtors for 1984 taxes, claims against the debtor husband for 1982 and 1983 taxes in the amounts of $138.00 and $340.39 respectively, and a claim of $368.00 against the debtor wife for 1982 taxes. The address at which the debtors listed the IRS in the Chapter 13 statement and in the master creditor address list was "P.O. Box 47–413, Doraville, GA 30362".

On July 25, 1985, an "Order for Meeting of Creditors, Combined with Notice Thereof and Automatic Stay" (hereinafter "Order and Notice") was sent to all creditors and other parties in interest providing, in pertinent part, as follows:

> In order to have his claim allowed so that he may share in any distribution from the estate, a creditor must file a claim whether or not he is included in the list of creditors filed by the debtor. Claims which are not filed within 90 days after the above date set for the meeting of creditors will not be allowed, except as otherwise provided by law.

The date set for the meeting of creditors was August 21, 1985, and thus the bar date for filing proofs of claim was November 19, 1985. The Order and Notice also contained a plan summary stating that unsecured creditors would be paid 100 cents on the dollar after payment of all administrative, priority, and secured claims and the debtors' attorney's fees. A copy of this Order and Notice was sent to the IRS at the Doraville, Georgia post office box address listed on the master creditor address list.

The parties agree that the Chapter 13 plan called for the payment of priority claims after payment of administrative expenses and the debtors' attorney's fees. The confirmation hearing was held on October 4, 1985, before the Honorable Hugh Robinson. Judge Robinson entered an order confirming the plan and finding, among other things, that the plan complied with the provisions of Chapter 13. Section 1322(a)(2) of the Bankruptcy Code requires

---

1. In the statements of undisputed material facts filed by the parties, they state that the case was

filed on July 12, 1985. However, the file reflects a filing date of July 22, 1985.

that all Chapter 13 plans provide for the full payment, in deferred cash payments, of all claims entitled to priority. 11 U.S.C. § 1322(a)(2).

It is undisputed that the IRS did not file a proof of claim, and it is undisputed that no distribution was made to the IRS through the Chapter 13 plan.

The IRS tried to collect taxes from the debtors outside the bankruptcy proceeding. On two occasions after the Chapter 13 petition was filed, the IRS placed levies on the debtor husband's wages at General Motors Corporation and on both occasions the levies were released by the IRS because of the Chapter 13 filing. The releases of the levies are dated January 30, 1986 and October 7, 1986. Accordingly, the IRS does not dispute that it had actual notice of the Chapter 13 proceeding at these times, and the IRS conceded in a proposed pretrial order that it violated the automatic stay when it levied on the debtor husband's wages.

On March 23, 1987, the IRS sent a notice to the debtors that their 1986 tax refund in the amount of $2,274.00 had been applied to pre-petition taxes for 1982, 1983 and 1984. Despite demands, the IRS refused to return the tax refund to the debtors.

On April 6, 1988, the Chapter 13 trustee filed a final report showing that the plan was fully paid out on March 14, 1988 and that the trustee collected a total of $7,876.92 under the plan. On April 21, 1988, the Court entered an Order discharging the debtor from all debts provided for by the plan pursuant to 11 U.S.C. § 1328(a) (hereinafter the "Discharge Order"). The Discharge Order provided, among other things, that the discharge operated as an injunction against the commencement or continuation of any act to collect, recover or offset any such discharged debt as a personal liability of the debtor or from the property of the debtor.

The debtors filed this adversary proceeding alleging that the IRS was violating the automatic stay under 11 U.S.C. § 362(a) by continuing to attempt to collect taxes after the filing of the Chapter 13 case and by applying the debtors' tax refund for 1986

to pre-petition taxes and that the continued efforts of the IRS to collect the pre-petition taxes violated the Discharge Order entered on April 21, 1988.

In its answer, the IRS admitted that the debtors were entitled to the tax refund for the year 1986 with interest, and the parties have advised the Court that the IRS has now returned the tax refund with interest to the debtors.

The parties agree that the only remaining issue to be determined is whether the pre-petition taxes were discharged. The IRS contends that it did not receive proper notice of the Chapter 13 filing, and that an unsecured priority claim can only be discharged under § 1328(a) if it is actually paid. The debtors argue that notice was proper and that the plan provided for payment of the tax claims within the meaning of § 1328(a).

## I. *The Notice Issue*

The IRS contends that the only proper address for notice to the IRS was the district director at Post Office Box 1082, Atlanta, Georgia 30370, not the collection office address used by the debtor. The only basis for the IRS's contention is Bankruptcy Rule 2002(j)(3) which provides, in pertinent part, as follows:

> (j) NOTICES TO THE UNITED STATES. Copies of notices required to be mailed to all creditors under this rule shall be mailed ... (3) in a Chapter 11 case to the district director of the Internal Revenue Service for the district in which the case is pending....

Bankr.R. 2002(j)(3).

However, Bankruptcy Rule 2002(j)(3) by its terms applies only to Chapter 11 cases, and this is a Chapter 13 case. Unfortunately, the Bankruptcy Rules as they currently exist do not contain any mention of where to serve notice to the IRS in Chapter 13 cases, and the IRS has not offered any authority or argument for applying Rule 2002(j)(3) to this Chapter 13 case.

A review of the history of the Bankruptcy Rules suggests that the drafters of the current Rules intentionally omitted any rule pertaining to service of notices to the

IRS in Chapter 13 cases. The first set of Bankruptcy Rules became effective on October 1, 1973. 411 U.S. 991 (1972). It contained two rules pertinent to this discussion, Rule 203(g) and Rule 13–203(d). Bankr.R. 203(g), 411 U.S. 991, 1024 (1972); Bankr.R. 13–203(g), 411 U.S. 991, 1156 (1972). Both Rule 203(g) and Rule 13–203(d) were entitled "Notices to the United States" and provided that copies of notices required to be mailed to all creditors under the rules be mailed to the district director of the Internal Revenue Service for the district in which the case was pending. Both of these rules remained in effect until August 1, 1983 and thus applied to cases under Chapter XIII of the Bankruptcy Act and Chapter 13 of the Bankruptcy Code.

■ On August 1, 1983, a comprehensive new set of Bankruptcy Rules went into effect which took into account the significant changes in the bankruptcy laws. Bankruptcy Rule 2002 entitled "Notices to Creditors, Equity Security Holders and the United States" superceded Rules 13–203 and 203. Rule 2002(j), which deals with notices to the United States, limited the requirement of sending notices of all cases to the district director by requiring that such notices be sent only in Chapter 11 cases. The new Rules thus omitted any requirement of notice to the IRS in all Chapter 13 cases, and omitted any mention of a specific place or official to whom such notice should be sent in a Chapter 13 case. *See In re Ryan,* 78 B.R. 175, 183 (Bankr.E. D.Tenn.1987). Since the Bankruptcy Rules applicable to this case do not contain any provision dealing with where to send notice to the IRS in a Chapter 13 case, the Court's inquiry is limited to whether the specific notice given in this case was fair and reasonable under the circumstances. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873–874 (1950).

It is not disputed that a collection office of the IRS received the Order and Notice at the address listed by the debtors, and the debtors' explanation as to why they listed the IRS at the collection office address is perfectly reasonable. The debtors received a collection notice prior to filing the Chapter 13 which contained the address for the IRS at P.O. Box 47–413, Doraville, Georgia, 30362. The debtors allege that they gave this address to their attorney to put on the creditor mailing list. The debtors argue that they had no idea that the IRS preferred to receive bankruptcy notices of Chapter 13 cases through the district director's office, and that they believed the address provided by the IRS on the collection notice was the correct address.

■ The IRS argues that notice sent to one office of the collection division of the IRS is not the same as serving a unit with authority to file a proof of claim, but the IRS does not explain why the collection office could not send the notice to the district director. *See United States v. Diez,* 428 F.Supp. 1028, 1030 (E.D.La.1977) (where the court considered service to the Postal Service of the United States and held that the failure of the New Orleans Post Office and/or the U.S. Attorney to forward notice to the head of the agency should not deprive the debtor of his discharge.) Furthermore, the IRS acknowledges that debtors cannot be charged with knowing the intricacies of the organization. Finally, the IRS has not contended that the Doraville address was not an address of the IRS or that the debtors listed an erroneous address.

None of the cases cited by the IRS supports the argument that the notice to the IRS in the instant case was inadequate. The IRS cited *Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.),* 863 F.2d 832 (11th Cir.1989), but there the creditors were property owners with nuisance and trespass claims against Chapter 11 debtors to whom official notice of the bankruptcy proceeding was never sent. In *Morgan v. Barsky (In re Barsky),* 85 B.R. 550 (C.D.Cal.1988) and *In re Pagan,* 59 B.R. 394 (D.P.R.1986), the creditors were not sent copies of the order and notice setting out the deadline for filing claims, whereas here the IRS was sent a copy of the Order and Notice. Finally, the case of *United States v. Zolla,* 724 F.2d 808 (9th Cir.1984), relied upon by the IRS, was not a

bankruptcy case and is not relevant to the issues before this Court.

In conclusion, this is not a case where the IRS was not sent official notice of the bankruptcy filing. This is simply a case where the debtors listed the IRS at the best address they had, the address in a collection notice. The IRS contends that the Chapter 13 debtors should have referred to rules pertaining to notices in Chapter 11 cases to determine where the IRS should be served, but the IRS has cited no authority for this proposition. The Court finds that the Order and Notice sent to the IRS at the address listed in the collection notice was proper and reasonably calculated under all the circumstances to apprise the IRS of the pendency of the case and to afford the IRS an opportunity to file its proof of claim.

## II. *The Discharge Issue*

■ The next question is whether the tax debt was discharged under the liberal discharge provisions of 11 U.S.C. § 1328(a). Section 1328(a) provides as follows:

> (a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge *of all debts provided for by the plan* or disallowed under section 502 of this title, except any debt—
>
> > (1) provided for under section 1322(b)(5) of this title; or
> >
> > (2) of the kind specified in section 523(a)(5) of this title.

11 U.S.C. § 1328(a) (emphasis added). The Chapter 13 discharge is broader than the discharge in Chapter 7, and tax claims are not within either class of nondischargeable claims set out in § 1328(a). *See, e.g., United States v. Richards (In re Richards)*, 50 B.R. 339 (E.D.Tenn.1985). The IRS debt here was not disallowed, since a claim was never filed, and so the sole issue in determining whether the tax debt was discharged is whether the taxes were "provided for by the plan" within the meaning of 11 U.S.C. § 1328(a).

The IRS argues that the taxes were not "provided for" by the plan because the IRS was not actually paid under the plan and that priority taxes cannot be discharged under § 1328(a) unless they are actually paid in full. The only authority cited by the IRS for this position is *In re Tomlan*, 88 B.R. 302 (Bankr.E.D.Wash.1988). However, that decision was reversed by the district court on July 5, 1989 by *In re Tomlan*, 102 B.R. 790 (E.D.Wash.1989).[2] In addition to the *Tomlan* bankruptcy court decision having been reversed, two courts have declined to follow the *Tomlan* bankruptcy court decision. *In re Miller*, 100 B.R. 898 (Bankr.N.D.Ohio 1989); *In re Ungar*, 104 B.R. 517 (Bankr.N.D.Ga.1989).

The *Tomlan* district court decision thoroughly discussed the statutory scheme and analyzed the cases of *In re Rothman*, 76 B.R. 38 (Bankr.E.D.N.Y.1987), *In re Goodwin*, 58 B.R. 75 (Bankr.D.Me.1986), and *In re Richards*, 50 B.R. 339 (E.D.Tenn.1985), all of which construed the "provided for" language in § 1328(a) in the context of late filed unsecured tax claims. The district court in *Tomlan* concluded that the IRS's untimely proof of claim was properly disallowed, that a plan did not have to provide for full payment of untimely filed or unfiled priority claims, and that the IRS's claim would be discharged upon the debtor's completion of performance under the plan.

This Court agrees with the district court in *Tomlan* and with those courts which have held that "the phrase 'provided for' in § 1328(a) simply requires that for a claim to become dischargeable, the plan must 'make a provision for' it, *i.e.*, deal with it or refer to it." *Lawrence Tractor Co. v. Gregory (In re Gregory)*, 705 F.2d 1118, 1122 (9th Cir.1983); *Accord United States Internal Revenue Service v. Vlavianos (In re Vlavianos)*, 71 B.R. 789, 792 (Bankr.W.

---

**2.** The briefs filed by both parties make no mention of the district court decision reversing the bankruptcy court in *Tomlan*. The district court decision was rendered shortly before the motions were filed in this Court, and the Court assumes that counsel would have cited the decision to the Court if they were aware of it.

D.Va.1986). The plan here provided for the payment of priority claims, and the only reason the IRS debt was not paid is because the IRS never filed a proof of claim.

This ruling is consistent with the reasoning in *In re Kiker*, 98 B.R. 103 (Bankr.N.D. Ga.1988), where another court in this district sanctioned the IRS for violating the discharge injunction of 11 U.S.C. § 524(a)(2). In *Kiker*, the court examined the effect of § 1328(a) on an untimely proof of claim filed by the United States, which claim had been objected to and subsequently disallowed. The court stated:

> The United States, like any other creditor, must timely file a proof of claim or be barred from participation in the plan. However, if the debtor's plan makes provision for payment and a tax claim is not timely filed or is disallowed, such priority claim is discharged upon completion by debtor of all payments required to fund the plan. (citations omitted)

*Id.*, at 107.

Finally, the IRS argues that in order to have the debt discharged under § 1328(a), the debtor should be required to file a proof of claim on behalf of the IRS when the IRS forgets to file a claim. The IRS, however, cites no authority for this argument. Section 501(c), which allows the debtor or the trustee to file a proof of a creditor's claim when the creditor does not file a timely proof of claim, is permissive only. There is nothing in the statutory scheme to suggest that debtors must file claims for creditors in order for the debts to be discharged under the liberal discharge provisions of § 1328(a).

In accordance with the above reasoning, the plaintiffs' motion for summary judgment is GRANTED, the defendant's cross-motion for summary judgment is DENIED, and the Court finds that the unsecured debt to the IRS has been discharged. A judgment in favor of the plaintiffs will be entered pursuant to this Order.

IT IS SO ORDERED.