### In re Jerry RILEY.

### Jerry RILEY, Plaintiff,

### v.

### ARKANSAS DEPARTMENT OF FINANCE AND ADMINIS-TRATION, Defendant.

### Bankruptcy No. 90–50378 S. AP No. 96–5008.

United States Bankruptcy Court, E.D. Arkansas, Pine Bluff Division.

Dec. 11, 1996.

not attend the trial.

Keith Grayson, North Little Rock, AR, for plaintiff.

David Kaufman, for defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon cross-motions for summary judgment by which the parties seek a determination as to the dischargeability of a tax debt for which the creditor failed to file a proof of claim. The parties dispute whether the claim was "provided for" in the Chapter 13 plan. If the plan "provided for" the taxes in dispute, they are discharged. If however, the taxes were not provided for, as required by 11 U.S.C. § 1328, they are not discharged.

During the pendency of this case, two proposed plans were filed and two post-confirmation modifications were submitted. The debtor has consistently failed to comply with the federal and state tax laws such that two different taxing authorities, the IRS and the Arkansas Department of Finance and Administration ("DFA"), filed proofs of claim for various kinds of taxes. The debtor was also undergoing an audit during the bankruptcy. While the debtor's failure to properly file returns and submit sales and other taxes to the authorities may have created confusion, the DFA, unfortunately, failed to ensure payment of the taxes by failing to file all of the necessary proofs of claim. Accordingly, the unpaid taxes were discharged in this bankruptcy case.

This Chapter 13 case was filed on October 9, 1990, in which the first two plans proposed to pay priority taxes to the State of Arkansas Department of Finance and Administration ("DFA") in an estimated amount of $17,000. The second plan was confirmed on January 14, 1991. Subsequent to the filing of the petition, the DFA completed an audit of the debtor resulting in the assessment of a pre-petition debt in the amount of $20,910.28. This is the same tax the debtor estimated at $17,000 in his first two plans.

Two plan modifications were filed and noticed to all creditors in 1991 and 1992.[1] The DFA objected to first modification (the third plan), filed on December 18, 1991, in part, because it could not identify the additional $9,654 tax debt listed. Although this plan did not list the estimated $17,000 prepetition tax debt, the objection did not reference that debt or object to its omission from the modification. The DFA's objection was sustained and the debtor submitted a second modification, the fourth plan.[2] In summary, during the bankruptcy case, the following state tax debts existed:

| Tax Debt | Plan Provision | Proof of Claim Filed | Payment |
|---|---|---|---|
| $ 345.65 Withholding Taxes | 1st plan: No provision or reference<br>2d plan: No provision or reference<br>3d plan: Provided for as entitled to priority<br>4th plan: Provided for as entitled to priority | Nov. 14, 1990 | Paid in full |
| $ 452.53 Withholding taxes | 1st plan: No provision or reference<br>2d plan: No provision or reference<br>3d plan: Listed and scheduled to be paid<br>4th plan: Listed and scheduled to be paid | Mar. 12, 1991 | Paid in full |
| $ 9,654 Sales taxes | 1st plan: No provision or reference<br>2d plan: No provision or reference<br>3d plan: Listed and scheduled to be paid [3]<br>4th plan: Listed and scheduled to be paid | None filed | No payment |
| estimated assessed $20,910.28 Sales taxes | 1st plan: Priority taxes to be paid in full, estimated $17,000<br>2d plan: Estimated $17,000 entitled to priority<br>3d plan: Not referenced in the plan<br>4th plan: Not referenced in the plan | None filed | No payment |

The DFA filed two proofs of claim for withholding taxes in the sums of $345.65 and $452.53, but filed no others.[4] The debtor completed his plan and obtained a discharge on September 20, 1994. On January 8, 1996, the debtor filed a motion to reopen the case because the DFA was taking actions with regard to taxes the debtor believed to have been discharged.[5] This case was subsequently reopened for the Court to determine the dischargeability of the $17,000 tax debt.

The DFA has moved for summary judgment arguing that since the $17,000 debt was not provided for in the plan, the debt was not discharged in the Chapter 13 bankruptcy case. The debtor also moves for summary judgment on the grounds that the debt was provided for in the plan.

The Bankruptcy Code provides in relevant part:

1. The notice to all creditors on the first of these modifications provided that the modification "will not modify the rights of any priority claims being dealt with under the plan."

2. Specifically, the DFA objected because the debtor did not identify the type of tax represented by the $9,654. Further, the debtor, apparently, was neither providing for timely reporting and payment of all taxes due nor filing appropriate returns.

3. The plan also provided that the debtor would pay an additional $200 per month in order that this debt to be paid.

4. Although, pursuant to the debtor's request, the Court considers the entire case file, there is no documentation in the file which would constitute an informal proof of claim for the taxes which are the subject of this dischargeability action.

5. The DFA petitioned the state Chancery Court to enjoin the debtor from operating his business in violation of the various provisions of Arkansas law. From the documentation submitted by the DFA, a large amount of the taxes pleaded in the Chancery suit appear to be for years subsequent to the filing of the bankruptcy, not merely for the taxes here in issue. It would appear that the debtor continues to run afoul of the taxing authorities.

§ 1327. Effect of Confirmation.

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan. * * *

§ 1328. Discharge.

(a) As soon as practicable after completion by the debtor of all payments under the plan ... the court shall grant the debtor a discharge of all debts *provided for by the plan* or disallowed under section 502 of this title. . . .

11 U.S.C. §§ 1327(a), 1328(a) (emphasis added). Although section 1327 · states that a creditor is bound by the terms of the plan, that section does not govern whether the debt is discharged. For that determination, the Court looks to section 1328 which requires that the debt be "provided for" by the plan in order for that debt to be discharged.

■■■ If a debt is not provided for in the plan, it is not discharged. 11 U.S.C. § 1328. A debt is provided for if the plan deals with it or refers to it. *In re Gregory*, 705 F.2d 1118 (9th Cir.1983). Some courts indicate that if the schedules list the debt, the debt is "provided for." *See, e.g., Crites v. State of Oregon*, 201 B.R. 277 (Bankr.D.Ore. Sept. 26, 1996). Even an estimated amount, so long as it is scheduled, is deemed be provided for. *See In re Ryan*, 78 B.R. 175 (Bankr. E.D.Tenn.1987). A plan which provides generally for payment of priority claims is considered to provide for such claims if the debts are listed in the schedules. *See, e.g., In re Daniel*, 107 B.R. 798 (Bankr.N.D.Ga. 1989). Payment of the claim, even a priority tax claim, is not required for the claim to be dischargeable. *In re Ungar*, 104 B.R. 517, 519 (Bankr.S.D.Ga.1989).

■■■ This case presents the novel question of whether *a debt is provided for if it is* initially provided for but omitted from a subsequent modification. The plan confirmed on January 14, 1991, provided for all priority

claims to be paid. However, the final modification,[6] to which the DFA did not object, did not separately list the specific priority debt in dispute. The Court believes that under this particular fact situation, where the DFA had full knowledge of the case, participated in the reorganization process, filed proofs of claim, and even objected to confirmation of one of the modifications, the debt is discharged.

■■■ The term "provided for" in section 1328 encompasses the procedural due process requirements embodied in the Fifth Amendment to the U.S. Constitution. *Crites v. State of Oregon*, 201 B.R. 277 (Bankr.D.Or. 1996). By requiring notice to creditors, the Code grants the opportunity to participate in the bankruptcy process and exercise procedural rights afforded by the Bankruptcy Code. *See id.* In the instant case, the confirmed plan provided for payment of the priority debt in dispute. The modification continued to provided for funding of payment on the priority debts and the notice advised that priority creditors were unaffected by the modification. The DFA fully participated in the bankruptcy process by filing proofs of claim, objecting to a proposed modification of the plan, and even obtaining specific debtor obligations in the plan, including full and timely payment of post-petition taxes and communication with the DFA.

Further, although the plan modification did not specifically reference the $17,000 debt, the debtor's payment to the trustee increased. Thus, the plan did not contemplate the omission of any debt. Rather, the plan continued to provide for its payment as well as the DFA's new claim. In addition, the notice that was sent to all creditors together with the first modification, which omitted the $17,000 debt, expressly stated that the modification "will not modify the rights of any priority claims being dealt with under the plan." To this extent, the modification contemplated that all priority taxes

6. Since there was no objection to this modification, it became the plan. If a confirmed plan is modified, the provisions of the modification take effect unless the modification is disapproved. 11 U.S.C. § 1329(b)(2). Thus, if a modification to a

confirmed plan is filed, noticed, and no objections are received, the modification is effective as the plan. *Williams v. First National Bank (In re Williams)*, 108 B.R. 119, 121 (Bankr.N.D.Miss. 1989).

would be paid through the plan, *i.e.*, they were provided for.

The only case which appears to even remotely parallel this situation is *In re Ungar*, 104 B.R. 517, 519 (Bankr.S.D.Ga.1989), cited by the DFA. In *Ungar*, the debtors initially *proposed* to make payments to the taxing authorities under the plan, but the plan confirmed by the Court expressly provided that no payments would be made to the taxing authorities under the plan. Rather, the debtors were to pay the taxing authorities outside the plan. Since the debtors proposed payment outside the plan, and the order under the plan specifically precluded the Chapter 13 trustee from making any payments to the taxing authorities, the court held that the plan did not "provide for" the taxes. The facts before the Court are significantly different. In the instant case, the debtor provided for the debt in the confirmed plan, advised the priority creditors that their rights were unaffected by the modification, and provided for payment of the debts. There is no evidence that the debtor ever proposed, or that the parties agreed, that the payments should be made outside the plan. Indeed, the debtor responded to the objections of the DFA by including its procedural requests into the final modification.

The debt in dispute, although contemplated to be paid through the plan, was not paid because the DFA never filed a proof of claim for that debt.[7] Having provided for the debt and having made his payments under the plan, the debtor fulfilled his obligations under the Bankruptcy Code such that he is entitled to his discharge of those "provided for" debts, including the debt here in dispute. *See In re Border*, 116 B.R. 588 (Bankr. S.D.Ohio 1990); *In re Daniel*, 107 B.R. 798 (Bankr.N.D.Ga.1989); *see also In re Sorge* 149 B.R. 197 (Bankr.W.D.Okla.1993). Accordingly, the debtor is entitled to judgment

**ORDERED** as follows:

1. Defendant's Motion for Summary Judgment filed on September 12, 1996, is DENIED.

2. The Motion to Allow Belated Motion for Summary Judgment and For a Decision on the Pleadings, filed on November 22, 1996, is GRANTED.

3. Plaintiff's Motion for Summary Judgment, filed on November 22, 1996, is GRANTED. Judgment shall be entered by separate Order.

4. The hearing scheduled for December 17, 1996, is removed from the calendar.

5. Upon entry of the judgment in this adversary proceeding and absent a timely appeal, the clerk shall re-close the case.

**IT IS SO ORDERED.**

---

7. According to the Trustee's Final Report and Account, the DFA was paid for the claims it filed in the amounts of $345.65 and $452.53. The final report references other debt to the DFA on which no payments were made because no proof of claim was filed.