In re Terry and Tina HOOD.

Roxanne RAKESTRAW, individually and as mother and next friend of Matthew Rakestraw, Plaintiff,

v.

Terry and Tina HOOD, Defendants.

Bankruptcy No. 92–16480 S.
Adversary No. 97–6016.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

July 22, 1997.

Jack Dickerson, Hot Springs, AR, for debtors.

David Coop, Little Rock, AR, Chapter 13 Trustee.

Chris Walthall, Malvern, AR, for plaintiff.

## ORDER OF DISMISSAL

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Court's Order to Show Cause why the proceeding should not be dismissed and the plaintiff's response. This bankruptcy case was filed in 1992. Sometime after the filing of the case, the debtor's dog mauled a young child, Matthew Rakestraw. Rakestraw's mother obtained a judgment against the debtor in an Arkansas state court for the injuries sustained in the mauling, sometime in late 1996. On January 10, 1997, the debtors filed a modified plan which included the debt to Rakestraw, but provided for a payment of zero on the debt. The debtor filed

and served a "Notice of Opportunity to Object to Modified Plan After Confirmation," as required,[1] with the plan modification attached, on January 8, 1997. Pursuant to file notice, objections should have been filed on or before February 3, 1997. Although admittedly given notice of the modification, Rakestraw did not object to the modified plan and it became operative pursuant to 11 U.S.C. § 1329, by Order entered February 11, 1997.

On March 3, 1997, a month after objections to the modification were due, Rakestraw filed a "Motion to Have Debt Declared Nondischargeable" alleging that the injury to Matthew Rakestraw was due to wilful and malicious conduct of the debtor, Dean Hood.[2] While it is true that under Chapter 7 of the Bankruptcy Code a debt arising from a wilful and malicious injury is nondischargeable, 11 U.S.C. § 523(a)(6), such a debt may be discharged in Chapter 13 if it is "provided for" in the plan. *See generally United States v. Hairopoulos (In re Hairopoulos)*, 118 F.3d 1240 (8th Cir.1997); *In re Riley*, 204 B.R. 28 (Bankr.E.D.Ark.1996)(discussion of "provided for" and legal effect of 11 U.S.C. § 1328).

If a confirmed plan is modified, the provisions of the modification take effect unless the modification is disapproved. 11 U.S.C. § 1329(b)(2). Thus, if a modification to a confirmed plan is filed, noticed, and no objections are received, the modification is effective as the plan. *Williams v. First National Bank (In re Williams)*, 108 B.R. 119, 121 (Bankr.N.D.Miss.1989). Accordingly, when no objections to the modification were filed in this case, the modification became the confirmed plan and was binding upon the debtor and Rakestraw, whether or not the claim of the creditor Rakestraw was provided for by the plan, and whether or not she had objected to the plan. 11 U.S.C. §§ 1327(a), 1329(b)(2).

The plaintiff now urges this Court to treat the motion to have the debt declared nondischargeable as an objection to the modification. In order to object to the plan modification, Rakestraw was required to file her objection on or before February 3, 1997. Having failed to file an objection, the modification was confirmed by operation of law as well as by Order entered February 11, 1997. Thus, even were the motion filed in the main case, and properly directed to confirmation rather than dischargeability, it was filed beyond the deadline for filing objections and thus comes too late.

The remedy available to a creditor who seeks to set aside an order of confirmation, *i.e.*, revoke confirmation, is found in section 1330 of the Bankruptcy Code. It does not appear, however, from either the motion or other the response to the order to show cause that there are grounds for the Court to consider revoking confirmation. While the debt may have arisen due to wilful and malicious injury, there is no implication that confirmation in the complaint or the instant response, that confirmation of the plan modification was procured by fraud, as required by section 1330. Accordingly, it is

**ORDERED** that inasmuch as the plaintiff has failed to state a claim for which relief may be granted, Fed. R. Bankr.Proc. 7012, this adversary proceeding is DISMISSED.

**IT IS SO ORDERED.**

---

1. The plaintiff asserts that she received no information on the modification from either the Chapter 13 trustee or the clerk's office. Since the debtor's notice not only contains the modification, it provides the date by which objections must be filed and served, as well as the address to direct objections, due process requirements are met by the debtors notice, properly directed to the creditor. *See United States v. Hairopoulos (In re Hairopoulos)*, 118 F.3d 1240 (8th Cir. 1997). Neither the clerk's office nor the Chapter 13 trustee is required to supplement this notice.

2. Although filed as a motion, the matter is an adversary proceeding, Fed. R. Bankr.Proc. 7001(6), such that the plaintiff was required to pay a filing fee, submit a summons and civil cover sheet. Although notified to do so, it was not until June 2, 1997, that the fee and documents were forwarded to the clerk. By that time, the defendants had already filed an answer.