Regina QUINTANA, Plaintiff,

v.

**Manford BYRD, et al., Defendants.**

No. 85 C 10041.

United States District Court,
N.D. Illinois, E.D.

June 25, 1987.

Marilyn F. Longwell, Kerr & Longwell, Chicago, Ill., for plaintiff.

Patricia J. Whitten, Maria C. Campo, Bd. of Educ. of the City of Chicago, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

Plaintiff, an employee of the Chicago Board of Education, alleges in her complaint that defendants transferred her from one school to another because of her vocal support for the rights of Hispanic students and parents, and because she is Hispanic. In Count I she seeks recovery for damages as the result of defendants' violations of 42 U.S.C. § 1981. Defendants argue they are entitled to summary judgment on this Count because plaintiff admits in her deposition that she is a white Hispanic, rather than a non-white Hispanic. They assert that discrimination against Hispanics who are white is at most national origin discrimination, and as such is not actionable under section 1981. Recently, the Supreme Court rejected a similar argument in a case, *Saint Francis College v. Al-Khazraji,* — U.S. ——, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987), involving the question whether a person of Arab descent, who is a Caucasian, can sue under section 1981.

In *Saint Francis College,* the Court concluded that the Congress of 1870, which enacted section 1981, possessed a view of race different from our present understanding. The idea of race prevelant in 1870 was based on ethnic distinctions, as opposed to the present-day view which rests upon biological distinctions. Therefore, the scope of section 1981 could not be

confined to those discriminated against because they were not Caucasian. Instead, Congress intended "to protect from discrimination classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Id.* — U.S. at —, 107 S.Ct. at 2028. The Arab plaintiff, the Court held, should be given a chance on remand to prove that he had been discriminated against because "he was born Arab," rather than because of the particular nation in which he was born. *Id.*

So too, in this case, plaintiff alleges that she was discriminated against because she is Hispanic, not because her country of origin is Cuba. Whether or not "white Hispanics" comprise a different racial group than non-Hispanic whites is of no moment. What matters is whether defendants discriminated against plaintiff because of her "ethnic characteristics," as opposed to her country of origin.[1]

Defendants also argue that aside from the fact that plaintiff identifies herself as a white Hispanic, there is other proof that she bases her claim in Count I on national origin discrimination, and not on race discrimination. First, they note that Count II, brought under Title VII of the Civil Rights Act, is based on national origin discrimination. But, Rule 8(e) Fed.R.Civ.P. specifically allows for pleading a claim in the alternative. Defendants next argue that plaintiff cited national origin discrimination in her EEOC charge but failed to mention race discrimination. However, the allegations of national origin discrimination in the EEOC charge are "sufficiently like" the allegations of race discrimination made in the judicial complaint, so that the EEOC charge supports the complaint. *Jenkins v. Blue Cross Mutual Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.1976). It is not surprising that the pro se litigant, who is of Hispanic descent, might equate racial discrimination with national origin discrimination. Thus, neither of these additional facts entitle defendants to summary judgment.

■ Next defendants seek summary judgment on plaintiff's claim for "pecuniary" damages. Defendants argue that plaintiff in her deposition admits she suffered no monetary loss as the result of the transfer. But defendants cite no case which holds that pecuniary damages are limited to out-of-pocket, or monetary losses. *Black's Law Dictionary* defines pecuniary damages as those damages that "can be estimated and compensated by money." That dictionary defines "pecuniary loss" as "a loss of money, or of something by which money or something of value may be acquired." The court assumes defendants seek summary judgment on the issue of whether plaintiff suffered a pecuniary loss. In her response to the motion plaintiff argues she suffered and seeks recovery for emotional injury only. Thus, there is no issue of pecuniary losses or "out-of-pocket" damages involved in this case. Despite all this, what defendants are seeking by their motion is "partial summary judgment." But, there is no such thing as the kind of partial summary judgment defendants request. *See, Arado v. General Fire Extinguisher Corp.,* 626 F.Supp. 506, 509, (N.D. Ill.1985). Therefore, the motion is denied.

For the reasons just discussed, defendants motion for summary judgment on Count I is denied, and the motion for summary judgment on plaintiff's claim of "pecuniary damages" is also denied.

---

1. The court confesses that the distinction between ethnicity and national origin is somewhat fuzzy in a case involving a person born in a foreign country. In such a case, it may be difficult to discern that discrimination has been motivated by ethnicity (or ancestry) as opposed to national origin (i.e., the country of birth). But that is a problem of proof, which is the plaintiff's to solve.