**In re Ernestine HARVEY, Debtor.**

**Bankruptcy No. 83 B 15654.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

July 18, 1988.
Nunc Pro Tunc July 14, 1988.

Gregory K. Stern, Chicago, Ill., for debtor.

Mary H. LaMountain, Coakley & Smith, Oak Lawn, Ill., for Concordia Federal Bank for Sav.

Jack McCullough, Chicago, Ill., Chapter 13 trustee.

Marshall N. Dickler, Ltd., Arlington Hts., Ill., for 3950 North Lake Shore Drive Condominium Ass'n.

## MEMORANDUM OPINION ON DEBTOR'S MOTION FOR RULE TO SHOW CAUSE AND SANCTIONS UNDER 11 U.S.C. § 362(h) AGAINST CONCORDIA FEDERAL SAVINGS AND LOAN ASSOCIATION

JACK B. SCHMETTERER,
Bankruptcy Judge.

Debtor has moved that Rule to Show Cause be entered and that sanctions under 11 U.S.C. § 362(h) be imposed against Concordia Federal Savings and Loan Association ("Concordia"). For reasons stated below that motion will be denied.

### Relevant Undisputed Facts

The relevant facts appear from the record of this Chapter 13 proceeding. On December 19, 1983, Debtor filed her petition under Chapter 13 of the Bankruptcy Code. She filed a 48–month Plan that was confirmed on April 30, 1984. Among her debts was scheduled $1,656.28 as a "secured" debt due to Concordia for pre-petition arrears on its first mortgage covering unit # 527 at 3950 North Lake Shore Drive in Chicago. That unit was her residence. Prior to Plan confirmation, Concordia filed its proof of claim for the entire mortgage balance of $41,427.13, claimed to be accelerated and due by reason of the pre-petition default. In the absence of any default, the first mortgage loan that was taken out in 1982 was wholly due and payable in three years ending on September 1, 1985, a date prior to the projected completion of Debtor's Plan in 1987.

On May 30, 1987, Debtor and Concordia agreed by Stipulation that Debtor was indebted to Concordia in the amount of $41,-635.04 on the first mortgage, and would be paid through the Plan the sum of $1,556.28 in monthly installments as a priority over general unsecured creditors. Concordia was in fact paid the latter amount by the Chapter 13 Trustee through the Plan.

The Plan Budget provided for monthly payments on Debtor's mortgage. While the printed form of Plan provided for monthly post-petition mortgage payments to be made by the Trustee ¶ 3.A.1), the specified bi-weekly Plan payments were clearly too low to be intended to. do that. Under the Plan, secured creditors

"... shall be paid 100% of the value of their security as determined under paragraph 4 herein ..."

Paragraph 4 of the Plan provided that the amount of a secured claim would either be established or stipulated to. As previously noted, while Concordia filed a secured claim for 41,427.13 on February 14, 1984 the parties stipulated (on May 30, 1984) that Concordia had a secured first mortgage claim of $41,635.04. That stipulation also agreed that the real property had a value of $49,000.

When Debtor did not keep up her monthly payments to Concordia, the automatic stay under 11 U.S.C. § 362 was modified on January 22, 1987 to permit Concordia to pursue a foreclosure. Debtor since completed her Plan and received her discharge on March 8, 1988.

In pursuit of its foreclosure proceedings, Concordia seeks a personal deficiency judgment against Debtor in the event the foreclosure sale does not bring enough to cover the mortgage balance. Debtor asserts that any personal liability was discharged and that Concordia is in violation of the discharge order under 11 U.S.C. § 524 and was in violation of § 362.

These issues turn on the question of whether or not Debtor's personal liability on her note was discharged under these circumstances.

## DISCUSSION

■ The confirmed Plan and Stipulation with Concordia provided for the curing of pre-petition defaults. Had the last payment on the mortgage come due after the

date on which the final date of Plan payment was due, the order of discharge would not have discharged the balance due Concordia, under 11 U.S.C. § 1328(a)(1) and 11 U.S.C. § 1322(b)(5). However the last mortgage payment was due long before completion of the Plan was scheduled, so § 1328(a)(1) and § 1322(b)(5) don't apply.

The next question is whether under Bankruptcy Code § 1328(a) the personal debt due Concordia was a debt "provided for by the plan" and therefore could be discharged. It is clear that Concordia's debt was "provided for":

The chapter 13 discharge extends to all debts provided for by the plan, with but a few limited exceptions. The Code does not specifically define "provided for," and some creditors have argued that if a plan does not propose to make payments on a debt it does not provide for that debt. This argument was properly rejected by the Court of Appeals for the Ninth Circuit in *Lawrence Tractor Co. v. Gregory (In the Matter of Gregory)*,[1] which held that to "provide for" a claim a plan need only 'make a provision for it, i.e., deal with it or refer to it.' Even if the plan proposes to pay nothing to unsecured claimants, if those claimants have proper notice and an opportunity to object to confirmation their claims may be discharged under section 1328(a)....

As long as the plan contains some provision describing the treatment of that debt, and no exception to the chapter 13 discharge applies, the debt is discharged.

*Collier on Bankruptcy* (15th Ed.) § 1328–01[1].

Concordia primarily relies on 11 U.S.C. § 1322(b)(2) which provides that a Chapter 13 Plan may not modify "the rights of holders of secured claims" when those claims are secured only by a security interest in real property that is debtor's principal residence as in this case. It argues that to bar it from collecting a deficiency would modify its secured claim. However, to the extent a lien secures a claim against the debtor but is not an "allowed secured claim," such lien is void (with certain excep-

tions not pertinent here) under 11 U.S.C. § 506(d).

Hence an undersecured claim secured only by a security interest in the debtor's principal residence may still be divided into an allowed secured claim and an allowed unsecured claim, with the lien declared void to the extent it secures a claim in excess of the allowed secured claim.

*Collier on Bankruptcy* (15th Ed.) § 1322.06 at fn. 23.

The lien avoidance under § 506(a) is not limited by § 1322(b)(2). *Colliers on Bankruptcy* (15th Ed.) § 1300.73[4] at fn. 55.

The parties stipulated on May 30, 1984 that Concordia had a secured first mortgage claim of $41,635.04 on real property valued at $49,000. It was thereby stipulated that Concordia had no unsecured claim, and any unsecured claim was therefore effectively avoided under § 506(a). Such avoidance bars Concordia from now seeking a deficiency should the mortgage foreclosure sale produce an unexpected loss. Since its secured claim thereby stipulated is in no way impaired, § 1322(b)(2) is in no way violated.

The effect of the discharge order therefore operates as an injunction under 11 U.S.C. § 524 to bar Concordia from collecting or seeking to collect any personal deficiency from Debtor, any such unsecured claim having been avoided and discharged.

Debtor now asks that a Rule issue against Concordia to Show Cause why it should not be held in contempt for violation of 11 U.S.C. § 524. Since it is not clear that Concordia has pursued its claim for deficiency judgment after March 8, 1988, this matter will be set for report of status. The parties will then report whether Concordia took any steps to violate § 524 after March 8, 1988 and whether or not it intends to persist in its efforts to collect a deficiency. Unless Concordia files an unequivocal disclaimer of intent to proceed to collect the deficiency prayed for by it in the state court action, this Court will consider a civil contempt hearing under Bankruptcy Rule

---

1. 705 F.2d 1118, 8 C.B.C. 2d 605 (9th Cir.1983).

9020 in lieu of issuing a "Rule to Show Cause."

Debtor also seeks sanctions under § 362(h) for the asserted willful conduct by Concordia in violating 11 U.S.C. § 362 by seeking to collect a personal deficiency judgment. Since under § 362(c)(2)(C) the injunctive effect of Bankruptcy Code § 524 supersedes the stay under § 362, this request for relief can only apply to events prior to March 8, 1988 when the discharge was entered.

The stay was modified herein on January 22, 1987 to allow Concordia

"... to enforce its judgment of foreclosure on the real estate commonly known as 3950 North Lake Shore Drive, Apt. 527, Chicago, Illinois 60613."

The order did not expressly provide as to whether or not Concordia was allowed to pursue the personal deficiency, but Concordia could reasonably conclude from the broad language of the order that it was authorized to pursue all aspects of relief sought by it in state court. In this context, Debtor has pleaded no facts that could, if established, demonstrate that Concordia acted in "willful" violation of § 362, as required by § 362(h), so as to warrant consideration of sanctions. *In re Forty–Eight Insulations, Inc.,* 54 B.R. 905, 909 (Bankr. N.D.Ill.1985). While Debtor pleads in conclusionary fashion that Concordia engaged in "willful conduct in exceeding the Court's order" (of stay modification), the order itself was so broad and general that such conclusionary pleading does not plead facts showing willful violation thereof. This Court does not recall the circumstances of the entry of the order and no transcript has been tendered with respect thereto. In the absence of particularized pleading that alleges "willful" activity, Debtor fails to allege a basis for relief under § 362(h) and her request for sanctions under that provision will be denied.

An order in accordance with the foregoing is entered this date.