T.C. Summary Opinion 2012-116

UNITED STATES TAX COURT

TERRANCE DALE MOORE, JR., AND RHONDA R. MOORE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22724-10S L.                    Filed November 29, 2012.

Terrance Dale Moore, Jr., and Rhonda R. Moore, pro sese.

<u>David M. McCallum</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. The proceeding was commenced in response to a Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330. The issue for decision is whether the settlement officer abused her discretion in sustaining the proposed levy.

## Background

At the time the petition was filed, petitioners resided in North Carolina.

Petitioners timely filed a joint Federal income tax return for the taxable year 2005. On April 9, 2007, respondent mailed to petitioners a Notice CP2000 for 2005. In the Notice CP2000 respondent proposed an increase in petitioners' tax of $20,077, a section 6662(a) accuracy-related penalty of $4,015, and interest of $2,089. The total proposed balance due was $26,181. In response petitioners made payments of $4,500 and $1,600 to the Internal Revenue Service (IRS). On September 10, 2007, respondent sent a notice of deficiency to petitioners. The notice of deficiency increased petitioners' income tax liability by $20,077 and added a section 6662(a) accuracy-related penalty of $4,015, the same amounts in the Notice CP2000. Petitioners did not file a petition with this Court regarding the notice of deficiency.

Bankruptcy Case

On October 24, 2007, petitioners filed a petition under chapter 13 of title 11 of the United States Code (Bankruptcy Code)[2] with the U.S. Bankruptcy Court for the Middle District of North Carolina (bankruptcy court). Petitioners were represented by counsel during their bankruptcy proceeding. As part of petitioners' bankruptcy petition they filed a Schedule E - Creditors Holding Unsecured Priority Claims, that listed the IRS as having an unsecured priority claim of $20,081 for 2005 Federal income tax. This amount represented the proposed balance due on the Notice CP2000, consisting of the tax, interest, and penalty, of $26,181 less the $6,100 of payments petitioners made to the IRS. On November 20, 2007, as part of the bankruptcy proceeding, respondent filed a proof of claim for an unsecured priority claim of $16,536.47. The proof of claim indicated that the IRS had no secured claims or unsecured nonpriority claims. The amount of the unsecured priority claim consisted of "tax due" of $13,977 and interest due of $2,559.47 for 2005 as of the date of the bankruptcy petition. Respondent has provided no explanation for why his proof of claim failed to state the full amount he claims was actually due. After the trial before this Court, respondent acknowledged that the

---

[2]References to the Bankruptcy Code refer to the provisions in effect during the pendency of petitioners' bankruptcy proceeding.

filing of a proof of claim for an amount less than the total balance due for petitioners' liability was "likely an error by respondent".

Petitioners' chapter 13 bankruptcy plan was confirmed by the bankruptcy court on April 4, 2008. Pursuant to the chapter 13 bankruptcy plan respondent was paid the entire amount of his claim of $16,536.47. Subsequently, on August 25, 2009, petitioners' bankruptcy case was converted from chapter 13 to chapter 7 of the Bankruptcy Code. Before the conversion to chapter 7, petitioners understood that all of the IRS' claims had been fully paid. At the time of the conversion, petitioners had also paid $3,151.38 to holders of unsecured nonpriority claims. At least a portion of this amount would presumably have been available to pay respondent if he had filed a correct proof of claim. Petitioners received a discharge under Bankruptcy Code section 727 on December 3, 2009, and the chapter 7 bankruptcy case was closed on December 15, 2009.

Postbankruptcy Collection

Respondent sent petitioners a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, dated February 1, 2010, advising them that respondent intended to levy to collect their unpaid tax liability for 2005 and that petitioners could request a hearing with respondent's Office of Appeals. The Letter 1058 identified an assessed uncollected balance of $5,780.06. Petitioners

questioned what the uncollected balance consisted of. The IRS did not specify what was included in the uncollected balance.

Petitioners submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which petitioners asserted that they had already paid respondent the entire amount for 2005 that was listed on respondent's proof of claim in the bankruptcy case. By letter dated June 25, 2010, respondent's settlement officer acknowledged receipt of petitioners' collection due process (CDP) hearing request and scheduled a telephonic CDP hearing for July 28, 2010. During the CDP hearing petitioners told the settlement officer that their 2005 tax liability had been fully satisfied in their bankruptcy case. Petitioners did not request any collection alternatives on Form 12153 or during the CDP hearing.

Respondent issued petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated September 17, 2010, sustaining the proposed levy action. Petitioners timely filed a petition with this Court.

## Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property.

Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person (Appeals hearing). If a taxpayer requests an Appeals hearing, he may raise at that hearing any relevant issue relating to the unpaid tax or proposed levy. Sec. 6330(c)(2).

The determination of the Office of Appeals must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. Sec. 6330(c)(3); see Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). It would be an abuse of discretion to try to collect more tax than is legally required to be paid.

Collection of Petitioners' Tax Liability

Petitioners argue that respondent should be prevented from collecting the amount in issue because respondent has already received the full amount of his proof of claim pursuant to the confirmed chapter 13 plan in the bankruptcy case. As a result, petitioners argue, it would be improper for respondent to now collect an

additional amount for 2005. Respondent contends that the additional tax liability that he is attempting to collect was not dischargeable in a chapter 7 bankruptcy case; therefore, the fact that the proof of claim erroneously listed a lower amount of tax liability should not prevent respondent from now collecting the rest of the liability.

Confirmed Chapter 13 Plan

A confirmed chapter 13 plan determines the amount each creditor will be paid. See United States v. Richman (In re Talbot), 124 F.3d 1201, 1209 (10th Cir. 1997). Parties who fail to object to the confirmation of a plan are generally barred from later attacking the confirmed plan. See Miller v. Ameriquest Mortg. Co. (In re Laskowski), 384 B.R. 518, 535 (Bankr. N.D. Ind. 2008); see also In re Harvey, 213 F.3d 318, 321 (7th Cir. 2000) ("It is a well-established principle of bankruptcy law that a party with adequate notice of a bankruptcy proceeding cannot ordinarily attack a confirmed plan."). Respondent did not object to the bankruptcy court's confirmation of petitioners' chapter 13 plan. Indeed, respondent received the full amount of the claim he made in petitioners' chapter 13 bankruptcy case.

A confirmed chapter 13 plan has been analogized to a contract. A confirmed chapter 13 plan is a "new and binding contract, sanctioned by the court, between the debtors and their pre-confirmation creditor[s]." Murphy v. O'Donnell

(In re Murphy), 474 F.3d 143, 148 (4th Cir. 2007) (quoting In re Penrod, 169 B.R. 910, 916 (Bankr. N.D. Ind. 1994)).  "[A] confirmed plan acts more or less like a court-approved contract".  In re Harvey, 213 F.3d at 321.

Petitioners fulfilled their obligations to respondent under the confirmed plan. Respondent received everything he asked for in the bankruptcy proceeding.  By filing a notice of intent to levy to collect an additional amount that was not included in respondent's proof of claim, respondent is failing to fulfill his end of the contract to refrain from collecting more.  Respondent received everything he asked for in the bankruptcy proceeding but now asks the Court to allow him to renege on the implicit bargain he made in the bankruptcy proceeding.

In the bankruptcy proceeding petitioners listed the correct amount of their tax liability.  There was no subterfuge by petitioners.  Respondent then filed a proof of claim for a lesser amount.  The mistake was solely the responsibility of respondent. In the final analysis respondent got everything he asked for in the bankruptcy proceeding and suffered no disadvantage in that proceeding when it was subsequently converted.

Effect of Conversion From Chapter 13 to Chapter 7

"[A] confirmed Chapter 13 plan is res judicata, and as such, absent a default under the terms of the confirmed plan, creditors are precluded from making post-

confirmation assertions of any interest other than those specifically provided for in the plan." In re Cleveland, 349 B.R. 522, 533 (Bankr. E.D. Tenn. 2006). Generally, a debtor's conversion of his chapter 13 case to a chapter 7 case constitutes a default that deprives any res judicata effect for the chapter 13 confirmation plan. See Hutchinson v. Delaware Sav. Bank FSB, 410 F. Supp. 2d 374, 380 (D. N.J. 2006) ("[W]e hold that Plaintiff's confirmed Chapter 13 plan was not a final judgment and had no binding effect upon conversion to a Chapter 7 case."); Michael v. DeHart (In re Michael), 436 B.R. 323 (Bankr. M.D. Pa. 2010), aff'd, 446 B.R. 665 (M.D. Pa. 2011); aff'd, 2012 U.S. App. LEXIS 22244 (3d Cir. Oct. 26, 2012). However, a significant factual difference in this case is that petitioners had paid the entire amount listed on respondent's proof of claim before they converted their chapter 13 case to a chapter 7 case. It has been held that a creditor's rights in a chapter 13 bankruptcy case are "totally extinguished upon payment of the sums called for in the order of confirmation." In re Habtemichael, 190 B.R. 871, 874 (Bankr. W.D. Mo. 1996) (citing In re Pourtless, 93 B.R. 23, 26 (Bankr. W.D.N.Y. 1988). It would therefore seem to follow that respondent's rights to collect petitioners' 2005 tax liability were extinguished when he received the entire amount of his proof of claim in the chapter 13 bankruptcy case. As

previously indicated, a confirmation plan approved by the bankruptcy court in a chapter 13 case is viewed as a contract.  See Murphy, 474 F.3d at 148.

In the chapter 13 case respondent was paid everything he asked for; i.e., the entire amount listed on his proof of claim, which was the entire amount he was entitled to under the chapter 13 confirmation plan.  Petitioners' conversion from chapter 13 to chapter 7 had no negative impact on respondent's claim.  Had petitioners completed their chapter 13 plan, respondent would clearly not have been able to collect any amount of petitioners' tax liability that was not listed on his proof of claim.[3]  We see no reason why respondent should be able to collect additional money from petitioners solely as a result of petitioners' converting their bankruptcy case from chapter 13 to chapter 7 after respondent's claim was paid in full.

Respondent argues that Bankruptcy Code section 727(b) governs discharges for chapter 7 debtors.  Debts for certain types of income tax liabilities and penalties are not discharged when a debtor receives a chapter 7 discharge.  See Bankruptcy Code sec. 523(a)(1)(A), (7).  However, respondent did not cite any cases where the

_____

[3]Bankruptcy Code sec. 1328(a) governs discharges for ch. 13 bankruptcy debtors who complete all payments required under the confirmation plan.  See Leber v. Ill. Dep't of Revenue (In re Leber), 134 B.R. 911, 914 (Bankr. N.D. Ill. 1991).  The exceptions to discharge under Bankruptcy Code sec. 1328(a) do not apply to petitioners' tax liability.

IRS filed an erroneous proof of claim for an amount lower than the taxpayer's actual liability, the taxpayer paid off the liability claimed by the IRS pursuant to a confirmed plan in chapter 13 bankruptcy, the taxpayer converted the case and received a chapter 7 discharge, and then the IRS subsequently attempted to collect the remaining amount of the liability.

Considering the unique facts of this case, we hold that petitioners satisfied their 2005 tax liability with respondent in the bankruptcy proceeding. Accordingly, we hold that respondent may not collect any additional amount of petitioners' 2005 tax liability.

Collection of Post-Bankruptcy-Petition Interest

Included in the amount that respondent seeks to collect is an unidentified amount of post-bankruptcy-petition interest. Interest on nondischargeable debt is allowed to accrue and be collected from debtors after the bankruptcy case is terminated. See Bruning v. United States, 376 U.S. 358, 361-363 (1964); Wray v. Harrison, No. 3:97CV353, 1997 U.S. Dist. LEXIS 15912, at *9 (E.D. Va. Aug. 21, 1997) ("post-petition interest continues to accrue against the Debtor personally, outside of the bankruptcy administration plan"), aff'd without published opinion, 1998 U.S. App. LEXIS 31368 (4th Cir. Dec. 15, 1998). A debtor is "personally liable for the interest on undischargeable debts after his case has been closed,

regardless of whether the underlying debt is paid in full." Wray, 1997 U.S. Dist. LEXIS 15912, at *5.

Respondent did not articulate to petitioners or the Court the amount of post-bankruptcy-petition interest that he is seeking to collect from petitioners. Furthermore, respondent presented no evidence on the rate of interest used to calculate the post-bankruptcy-petition interest. As a result, we cannot determine whether the post-bankruptcy-petition interest was properly calculated and assessed. "[I]t is clear from respondent's inability to express to this Court the postconfirmation rate of interest he used in assessing interest on his priority claim that the Appeals officer did not properly obtain verification that all applicable law and procedure had been followed pursuant to section 6330(c)(1)." Everett Assocs., Inc. v. Commissioner, T.C. Memo. 2012-143, 2012 Tax Ct. Memo LEXIS 143, at *54-*55. In Everett Assocs., Inc. v. Commissioner, 2012 Tax Ct. Memo LEXIS 143, at *71-*72, the Court refused to sustain the collection of postconfirmation interest. Respondent's failure to provide the amount of post-bankruptcy-petition interest and the rate of interest is disconcerting in the light of the fact that petitioners already have been heavily burdened by respondent's submission of an erroneous proof of claim in their bankruptcy proceeding. Accordingly, we hold that

respondent may not collect post-bankruptcy-petition interest from petitioners' 2005 tax liability.[4]

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered for petitioners.

---

[4]The amount would likely be relatively small.